UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9476 PSG (FMOx) | Date | November 30, 2011 |
|---|---|---|---|
| Title | Fannie Mae v. Jay David Cohen, *et al*. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                          Not Present

**Proceedings:**     (In Chambers)  Order REMANDING case to state court

On November 15, 2011, Defendant Jay David Cohen ("Defendant") filed a Notice of Removal of an unlawful detainer action brought by Plaintiff Fannie Mae (Federal National Mortgage Association) ("Plaintiff"). After reviewing Defendant's Notice of Removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] defendant may not remove a case to Federal court unless the *plaintiff's* complaint establishes that the case arises under Federal law." *Franchise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9476 PSG (FMOx) | Date | November 30, 2011 |
|---|---|---|---|
| Title | Fannie Mae v. Jay David Cohen, *et al*. | | |

*Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).  Here, the Complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the Complaint, it is clear that no basis for federal question jurisdiction exists.

Defendant's Notice of Removal is based, in part, on counterclaims and affirmative defenses based on various federal causes of action.  However, under the well-pleaded complaint rule, Defendant's federal claims cannot serve as a basis for removal.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

Furthermore, the Court notes that there is no diversity jurisdiction in this matter.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met.  *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a).  Here, Defendant's Notice of Removal fails to establish Plaintiff's state of incorporation or principal place of business as well as Defendant's own citizenship.  Also, from the face of Plaintiff's Complaint, it is unlikely that Defendant will be able to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs, as Plaintiff seeks $50 per day from July 29, 2011, the date notice to surrender the property was given, until the date of judgment.  It would take over four years for this to exceed $75,000.  Therefore, diversity jurisdiction is lacking.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

**IT IS SO ORDERED.**